UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-21908-CIV-COOKE/GOODMAN

PATRICK SIMILIEN,

    Movant,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

    Respondents.

_____/

**REPORT AND RECOMMENDATIONS**
**RECOMMENDING DENIAL OF § 2241 MOTION**

Movant Patrick Similien filed a habeas motion under 28 U.S.C. § 2241, requesting the Court to command the Government to: "(a) issue to Similien travel documents authorizing him to enter and be present in the United States, and (b) afford Similien a hearing before an Immigration Judge on the question of his removability from the United States." [ECF No. 1, p. 9]. The Government filed an opposition response. [ECF No. 9]. The Undersigned requested Similien to file a reply but he did not do so. [ECF No. 10]. United States District Court Judge Marcia G. Cooke referred Similien's habeas motion to the Undersigned for a Report and Recommendations. [ECF No. 8].

As discussed below, Similien was not "in custody" at the time he filed his habeas petition, and thus the Court lacks habeas jurisdiction. Even if Similien was "in custody" at the time his petition was filed, the District Court does not have jurisdiction to decide a challenge to an order of removal (pursuant to 8 U.S.C. § 1252(a)(5)); and since this was not an expedited removal under 8 U.S.C. § 1225 (rather, he was removed under a reinstated deportation order), there is no limited habeas jurisdiction under 8 U.S.C. § 1252(e)(2)(C). Thus, the Undersigned **respectfully recommends** that the District Court **deny** Similien's § 2241 petition.

I.   **Factual and Procedural Background**

Similien is a native and citizen of Haiti. [ECF No. 9-1, p. 43]. He entered the United States in 1976 and became a lawful permanent resident on January 23, 1988, retroactive to January 1, 1982. [ECF No. 9-2, p. 43].

Similien came to the attention of the Immigration and Naturalization Service ("INS") following a number of criminal convictions in the State of Florida. Similien was adjudicated guilty of the following crimes in 1990 and 1991: burglary of a conveyance (in 1990 -- sentenced to time served); burglary with an assault or battery with a dangerous weapon, robbery with a firearm, aggravated battery, and kidnapping with a firearm (in 1991); and possession with intent to sell, purchase, manufacture or deliver cocaine on or near school property (in 1991). [ECF No. 9-1, pp. 12-42]. The court imposed concurrent five-year prison sentences. *Id.* at pp. 21-22.

Similien's convictions were for deportable offenses. Thus, on August 27, 1991, he was served with an Order to Show Cause why he should not be deported and was placed in deportation proceedings. *Id.* at p. 43. He was charged with deportability under former 8 U.S.C. §§ 1241(a)(2)(A)(ii) (two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct); 1241(a)(2)(A)(iii) (aggravated felony); 1241(a)(2)(B)(i) (controlled substance violation); and 1241(a)(2)(C) (fire arms violation). *Id.* at p. 45.

The Immigration Judge sustained all of the charges of deportability, except the firearms violation under 8 U.S.C. § 1241(a)(2)(C). [ECF No. 9-2, p. 13]. On December 10, 1992, the Immigration Judge denied Similien's application for relief and issued an order of deportation. *Id.* Similien appealed the deportation order to the Board of Immigration Appeals. *Id.* at p. 16. On February 24, 1993, the Board dismissed the appeal, rendering the order of deportation final, thus terminating Similien's status as a lawful permanent resident. *Id.* at pp. 16-17. On April 10, 1993, INS deported Similien to Haiti. [ECF No. 9-1, p. 54].

Subsequently, Similien reentered the United States without inspection after he was deported. In 2007, he filed an online I-90 application[1] with United States Citizenship and Immigration Services ("USCIS") to replace his permanent resident card. [ECF No. 9-2, p.

---

[1]   A Form I-90 is used to renew or replace a Permanent Resident Card for an individual who is already a permanent resident. [ECF No. 9-2, p. 43]. An I-90 form does not grant residency status, it merely provides evidence of status. *Id.*

19]. The I-90 was denied because Similien was no longer a lawful permanent resident. *Id.* at p. 23.

On November 23, 2015, Petitioner filed another I-90 form, attaching to it what appears to be the old permanent resident card that should have been relinquished when he was deported in 1993. *Id.* at pp. 26-36, 44 (Declaration of Gregory Montes, USCIS Section Chief). On June 8, 2016, INS granted the I-90 and issued a new permanent resident card. *Id.* at p. 44.

Upon review of the case, the INS determined that Similien's I-90 form may have been approved in error. *Id.* Additional research revealed that he was ordered deported in 1992, that the decision was affirmed on appeal by the Board of Immigration Appeals, and thus he was no longer a permanent resident after that date. *Id.* Similien's I-90 form was reopened and he was sent a denial notice. *Id.* According to Gregory Montes, USCIS Section Chief, this denial was correct because Similien was no longer a permanent resident and thus was not eligible for replacement of his permanent resident card. *Id.*

On June 27, 2016, Similien filed an application for naturalization. *Id.* at p. 48. In that application, Similien does not disclose his prior convictions or that he was previously removed from the United States. *See id.* at pp. 61-62.

On December 5, 2016, Similien was detained by ICE outside of his home in Georgia. *Id.* at p. 40. At the time, he resided with his wife, a naturalized citizen, and his four children, who are all citizens of the United States. *Id.* Similien "was targeted for

4

enforcement action as a foreign-born offender who was previously removed from the United States and has convictions that qualify as a priority 1 enforcement case." *Id.*

The same day, Similien's 1992 deportation order was reinstated pursuant to 8 U.S.C. § 1231(a)(5). *Id.* at p. 41; [ECF No. 9-1, pp. 3-4]. On January 17, 2017, Similien was deported to Haiti pursuant to the reinstated order of deportation.[2] [ECF No. 9-2, p. 79]. The warrant of removal included a warning to Similien, advising that he is prohibited from entering or attempting to enter the United States at any time because he was ordered deported and was convicted of a crime designated as an aggravated felony. *Id.* at p. 81.

On May 23, 2017, four months after he was deported, Similien filed this habeas petition. [ECF No. 1]. Similien's petition is sparse and states that, on December 5, 2016, when Similien was detained and subsequently deported, he was a permanent resident in the United States. *Id.* at p. 2.

Similien states that he was "(a) unlawfully denied a hearing before an Immigration Judge and (b) on January 17, 2017, was unlawfully removed to Haiti, pursuant to 8 U.S.C. § 1225(b)(1), expedited removal." *Id.* at p. 3. As relief, he requests that the Court "issue its writ of habeas corpus commanding the DHS and the DOS to: (a) issue to Similien travel documents authorizing him to enter and be present in the United States, and (b) afford Similien a hearing before an Immigration Judge on the question of his removability from

---

[2] According to Similien, immediately prior to his removal to Haiti, he was confined at Krome Service Processing Center in Miami, Florida. [ECF No. 1, p. 3].

the United States." *Id.* at p. 9.

Additionally, Similien submitted, in a notice of filing, a letter from USCIS to Similien dated June 3, 2017 relating to his application for naturalization. [ECF No. 6]. The letter states that his application for naturalization was being denied because he did not show up for his interview on May 2, 2017. [ECF No. 6-1]. As pointed out by the Government, the application was based on incorrect information provided by Similien in the naturalization application (i.e., that he was a permanent resident, had not been previously deported, and was not convicted of any crimes). Further, he had already been deported. Thus, the letter was clearly sent in error.

The Government filed a response arguing that the Court lacks habeas jurisdiction to review Similien's claim because he has never been the subject of expedited removal proceedings under 8 U.S.C. § 1225 and he is not "in custody." [ECF No. 9, p. 2]. The Undersigned requested Similien to respond to these arguments and to advise the Court whether he still intends to pursue his habeas petition. Similien did not file anything in response, however. [ECF No. 10].

## II. Legal Principles and Analysis

### a. Similien Is Not "in Custody" for Purposes of § 2241

For a court to have jurisdiction over a habeas petition, the petitioner must be "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1); *see also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (stating that habeas petitioner must be "'in

custody' under the conviction or sentence under attack at the time his petition is filed").

"Custody is determined as of the time of the filing of the petition." *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003) (internal citation omitted). Thus, an alien who is detained when he files a habeas petition but who is later deported or released from detention, has established the "in custody" requirement. *See id.* (citing *Chong v. District Director, I.N.S.*, 264 F.3d 378, 382 (3d Cir. 2001)). However, an alien who files a habeas petition *after* he has been deported cannot satisfy the "in custody" requirement. *See Patel*, 334 F.3d at 1263 (finding that district court did not have habeas corpus jurisdiction where movant filed his action after being deported to India). In that instance, a petitioner's "removal from the United States may limit his opportunities to re-enter this country, [but it] does not constitute a severe restraint on his individual liberty." *Patel*, 334 F.3d at 1263.

Further, "once an alien § 2241 petitioner has been released from administrative custody the petition no longer presents a case or controversy." *Lamy v. Acosta*, No. 18-CV-20684, 2018 WL 2074204, at *1-2 (S.D. Fla. Apr. 3, 2018), *report and recommendation adopted*, 2018 WL 2016503 (S.D. Fla. Apr. 30, 2018) (finding petition subject to dismissal "because the petitioner has been removed from the United States, having been deported on March 20, 2018"); *see also Baptiste v. Whiddon*, No. 2:13-CV-156-FTM-29CM, 2015 WL 997819, at *4 (M.D. Fla. Mar. 5, 2015) ("Since Petitioner has now been removed to Haiti, and is not in the process of being removed, it is impossible for the court to grant any effective relief,

and therefore the case is moot.").

Here, Similien was deported to Haiti on January 17, 2017. [ECF No. 9-2, p. 79]. On May 23, 2017, four months after he was deported, Similien filed this habeas petition. [ECF No. 1]. Thus, Similien cannot satisfy the "in custody" requirement of 28 U.S.C. § 2241. Therefore, the Undersigned finds that the Court does not have jurisdiction to review his habeas petition and it is subject to dismissal.

### b. The District Court Does Not Have Jurisdiction to Review a Challenge to the Reinstatement of Similien's Prior Deportation Order

In asking the Court to command the Government to issue travel documents to Similien so he can return and "be present" in the United States [ECF No. 1, p. 9], Similien appears to be challenging the 2016 reinstatement of his 1992 deportation order. However, pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(5), an order of removal "may be reviewed only by a court of appeals after the filing of a petition for review." *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699 (11th Cir. 2011). This includes reinstated orders of deportation. *See Dinnall v. Gonzales*, 421 F.3d 247, 251 n.6 (3d Cir. 2005) (citing *Arevalo v. Ashcroft*, 344 F.3d 1, 9-10 (1st Cir. 2003)) ("Because an order reinstating a prior removal order is 'the functional equivalent of a final order of removal,' we have jurisdiction to hear Dinnall's petition."); *see also Gomez-Chavez v. Perryman*, 308 F.3d 796, 800 (7th Cir. 2002) (stating that district court was "clearly correct" to reject petitioner's efforts to proceed by habeas petition that challenged the reinstatement of a removal order).

8

Accordingly, the District Court lacks habeas jurisdiction to review any challenge to the reinstatement of Similien's prior deportation order. *See* 8 U.S.C. § 1252(a)(5).

Additionally, Similien alleges in his petition that he was removed on January 17, 2017 pursuant to 8 U.S.C. § 1225 and, thus, he has habeas jurisdiction under 8 U.S.C. § 1252(e)(2). [ECF No. 1, p. 3]. But this is unsupported by the record.

Section 1252(e)(2)[3] provides that district courts have limited habeas review jurisdiction for expedited-removal (§ 1225) proceedings. *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1966 (2020). However, expedited-removal proceedings are applied only to certain individuals, such as aliens who are deemed to be applicants for admission at a port of entry, stowaways, and certain other aliens described in 8 U.S.C.

---

[3]   Section 1252(e)(2) provides the following:

**(e) Judicial review of orders under section 1225(b)(1)**

. . .

**(2) Habeas corpus proceedings**
Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

9

§ 1225. *See* 8 U.S.C. §§ 1225(a)(1), (a)(2), and 1225(b)(1)(A)(iii)(II).

Here, Similien was not ordered removed under § 1225 and was not the subject of expedited removal proceedings. Rather, Similien was subject to the usual removal process involving a hearing before an immigration judge and an unsuccessful appeal to the Board of Immigration Appeals. *See Thuraissigiam*, 140 S. Ct. at 1964 (discussing "usual removal process); [ECF No. 9-2, p. 13, 16-17]. Subsequently, Similien's 1992 deportation order was reinstated pursuant to 8 U.S.C. § 1231(a)(5).[4] [ECF No. 9-1, pp. 3-4]. On January 17, 2017, Similien was deported to Haiti pursuant to the reinstated order of deportation. [ECF No. 9-2, p. 79].

Therefore, because Similien was not subject to expedited removal proceedings pursuant to § 1225, the limited circumstances described in 8 U.S.C. § 1252(e)(2), which vest the district court with limited habeas jurisdiction, are absent here.

## III. Certificate of Appealability

A petitioner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate

---

[4] 8 U.S.C.A. § 1231 provides the following:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record as a whole, the Undersigned **respectfully recommends** that the District Court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of Judge Cooke in his objections.

**IV.     Conclusion**

As outlined above, Similien was not "in custody" at the time he filed his habeas petition and thus the Court lacks habeas jurisdiction. Even if Similien was "in custody" at the time his petition was filed, the District Court does not have jurisdiction to decide a challenge to an order of removal (pursuant to 8 U.S.C. § 1252(a)(5)); and since this was not an expedited removal under 8 U.S.C. § 1225 (rather he was removed under a reinstated deportation order), there is no limited habeas jurisdiction under 8 U.S.C. § 1252(e)(2)(C). Thus, the Undersigned **respectfully recommends** that the District Court **deny** Similien's § 2241 petition.

**V.     Objections**

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within ten (10) days of the objection.[5] Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

---

[5]     The Undersigned is slightly shortening the deadlines to file Objections and Responses because the issues are comparatively straightforward, and it appears that Petitioner may have abandoned his claim because he did not file a reply to the Government's response, even though he was ordered to do so by the Undersigned.

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 18, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Marcia G. Cooke
All counsel of record